PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| UNITED STATES DISTRICT COURT | MIDDLE DISTRICT OF FLORIDA-OCALA |
|---|---|
| Name (under which you were convicted): **DEGENNARO, STEVEN EDWARD** | Docket or Case No.: |
| Place of Confinement: **Madison Correctional Institution** **382 MCI Way, Madison FL 32340** | Prisoner No.: **DC # 168387** 5:21-cv-112 SPC-PRL |
| Petitioner (include the name under which you were convicted) **STEVEN EDWARD DEGENNARO** | Respondent (authorized person having custody of petitioner) v.   **SEC'Y, FLA. DEP'T OF CORRECTIONS** |
| The Attorney General of the State of: **FLORIDA** | |

Provided to Madison C.I. on ___ for mailing by ___ Initials

# PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    5th Judicial Circuit, Citrus County, 110 N. Apopka Ave, Inverness, FL 34450

   (b) Criminal docket or case number (if you know): 2015-CF-000197

2. (a) Date of the judgment of conviction (if you know): September 1, 2016

   (b) Date of sentencing: October 5, 2016, Restitution Hearing on October 11, 2016

3. Length of sentence: Count 1: Life (HFO); Count 2: 10 Years; Both counts run concurrent

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

    1) Attempted First Degree Murder against a Law Enforcement Officer

    2) Resisting a Law Enforcement Officer with violence

6. (a) What was your plea? (Check one)

    ☑ (1) Not guilty          ☐ (3) Nolo contendere (no contest)

    ☐ (2) Guilty              ☐ (4) Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   N/A

   (c) If you went to trial, what kind of trial did you have? (Check one)

    ☑ Jury          ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☑ Yes          ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Fifth District Court of Appeal

(b) Docket or case number (if you know): 5D16-3588

(c) Result: Concession of Error by the State on Count 1. Reversed and Remanded for new trial on Count 1. Count 2 affirmed but remanded for resentencing on Count 2 pending new trial on Count 1

(d) Date of result (if you know): June 23, 2017

(e) Citation to the case (if you know): Degennaro v. State, 220 So.3d 1277 (Fla. 5th DCA 2017)

(f) Grounds raised: 1) Improper Jury Instructions; 2) Not present at restitution hearing

(g) Did you seek further review by a higher state court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Result: N/A

(4) Date of result (if you know): N/A

(5) Citation to the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following: N/A

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

## ON REMAND

(a) Name and location of court that entered the judgment of conviction you are challenging:

5th Judicial Circuit, Citrus County, 110 N. Apopka Ave, Inverness, FL 34450

(b) Date of the judgment of conviction (if you know): March 12, 2018

(c) Date of sentencing: March 14, 2018, Restitution Hearing on September 4, 2018

(d) Length of sentence: Count 1: 27 Years (HFO); Count 2: 10 Years; Both counts run concurrent

(e) In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

(f) Identify all crimes of which you were convicted and sentenced in this case:

1) Attempted First Degree Murder

2) Resisting a Law Enforcement Officer with violence

(g) What was your plea? (Check one)

☐ (1) Not guilty            ☑ (3) Nolo contendere (no contest)
☐ (2) Guilty               ☐ (4) Insanity plea

(h) Did you appeal from the judgment of conviction?

☐ Yes      ☑ No

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: 5th Circuit Court, Citrus County

(2) Docket or case number (if you know): 2015-CF-197

(3) Date of filing (if you know): June 24, 2019

(4) Nature of the proceeding: Motion for Postconviction Relief, Fla. R. Crim. P. 3.850

(5) Grounds raised: 1) Involuntary plea due to counsel's failure to investigate

2) Involuntary plea due to duress – fight or flight

3) Involuntary Plea due to counsels failure to inform consequences of the plea

4) Cumulative Error

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes      ☑ No

(7) Result: Denied

(8) Date of result (if you know): July 23, 2019, Rehearing Denied August 13, 2019

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Fifth District Court of Appeal

(2) Docket or case number (if you know): 5D19-2488

(3) Date of filing (if you know): November 2019

(4) Nature of the proceeding: Initial Brief

(5) Grounds raised: 1) Ineffective Assistance of Counsel for informing Defendant that he was not allowed Expert Witness Testimony

2) Ineffective Assistance of Counsel for failing to investigate Illegal Search and Seizure

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: *Per Curiam* Affirmed

(8) Date of result (if you know): February 28, 2020, Mandate issued March 20, 2020

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Fifth District Court of Appeal

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: Petition for Ineffective Assistance of Counsel

(5) Grounds raised: (1) Trial Court's denial of Petitioner's Motion to Dismiss Counts 1 and 2 of the Information. (2) Trial Court's denial of Petitioner's Motion for a Special Jury Instruction; and (3) Trial Court's denial of Petitioner's Motion for a Judgment of Acquittal at the close of the State's case and at the close of all the evidence.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☑ Yes    ☐ No

    (2) Second petition:    ☑ Yes    ☐ No

    (3) Third petition:    ☑ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: __N/A__

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

**COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR MISADVISING PETITIONER AS TO THE ENTRY OF HIS PLEA, WHERE COUNSEL'S MISADVICE RENDERED THE PLEA UNKNOWING AND INVOLUNTARY. COUNSEL ADVISED PETITIONER TO TAKE THE PLEA AND REFUSED TO INVESTIGATE THE FACTS OF THE CASE AND VIABLE DEFENSES.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On February 25, 2015, three Citrus County Deputies were searching for the Petitioner based on a Warrant from Marion County, Florida. During that morning, deputies had originally staked out the house of Petitioner's father. After several hours they decided to go and check the house of Mr. David Schomas.

There was no evidence that the Petitioner would be at the house and no probable cause for them to believe that Petitioner was present at Mr. Schomas' house. As a result, they never even attempted to attain a search warrant for that residence.

The three deputies parked and had their vehicles down the street when they approached the house (mobile home). They never saw Mr. Degennaro and there were no exigent circumstances present. Despite this, Deputy Behnen did not stay in the front yard. He went around the side of the house and into the back yard, violating Mr. Schomas 4th Amendment Rights and trespassing on his property. In the backyard Behnen made contact with the Petitioner.

Florida's 5th Judicial Circuit, and the Fifth District Court of Appeals both misunderstood and misconstrued the argument made by the Petitioner in his 3.850 motion for postconviction relief and related appeal. The Petitioner wasn't challenging his arrest due to a 4th amendment violation, rather, he was challenging the sufficiency of the evidence to convict him, and whether an essential element of the crime was proven by the State at trial. In order to be convicted of Resisting a Law Enforcement Officer with Violence the Law Enforcement Officer must be engaged in lawful execution of his duty.

The facts in this case reveal that deputies ceased to be in "lawful" performance of their duty when the decided to trespass the curtilage of Mr. Schomas' residence without an articulable probable cause when they performed an warrantless search of Mr. Schomas' residence and thus violated his 4th Amendment right to be free from unreasonable searches and seizures by the government. Accordingly, these deputies were not engaged in the lawful execution of their duty, and the State was unable to prove that element of the offense Petitioner was charged with.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes     ☑ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: N/A

    Name and location of the court where the motion or petition was filed: N/A

    Docket or case number (if you know): N/A

    Date of the court's decision: N/A

    Result (attach a copy of the court's opinion or order, if available): N/A

    (3) Did you receive a hearing on your motion or petition?  ☐ Yes ☑ No

    (4) Did you appeal from the denial of your motion or petition?  ☐ Yes ☑ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☑ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: N/A

    Docket or case number (if you know): N/A

    Date of the court's decision: N/A

    Result (attach a copy of the court's opinion or order, if available): N/A

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

   _____

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

   _____

   _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

   _____

   _____

   _____

   _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

   _____

   _____

   _____

   _____

   _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: Edward Spaight, Assistant Public Defender, 110 N. Apopka Avenue, Inverness, Florida 34420

   (b) At arraignment and plea Edward Spaight, Assistant Public Defender, 110 N. Apopka Avenue, Inverness, Florida 34420

   (c) At trial: Edward Spaight, Assistant Public Defender, 110 N. Apopka Avenue, Inverness, Florida 34420

   (d) At sentencing: Edward Spaight, Assistant Public Defender, 110 N. Apopka Avenue, Inverness, Florida 34420

   (e) On appeal: James S. Purdy, Public Defender and Kevin P. Holte, Assistant Public Defender

   (f) In any post-conviction proceeding: Pro Se

   (g) On appeal from any ruling against you in a post-conviction proceeding: Pro Se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☑ No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

   (b) Give the date the other sentence was imposed: _____

   (c) Give the length of the other sentence: _____

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

   The Petitioner was convicted on September 1, 2016, and sentenced on October 5, 2016. Following a direct appeal the case was remanded for a retrial as to Count 1 and a de novo resentencing on both counts 1 and 2.

   On March 14, 2018, the Petitioner entered a plea of No Contest and was partially sentenced pending the entry of an Order of Restitution.

   On September 4, 2018, the trial court held a Restitution Hearing. Petitioner did not seek direct appeal review on the amended Judgment and Sentence. Accordingly, on October 4, 2018, Petitioner's amended Judgment and Sentence became final, and the 90-day period to seek certiorari review in the U.S. Supreme Court expired on January 2, 2019. Under the AEDPA guidelines, starting on January 3, 2019, the Petitioner had 365 days to file a habeas petition under 28 U.S.C. § 2254.

On June 24, 2019, after 173 days had elapsed, the Petitioner filed a Motion for Postconviction Relief pursuant to Rule 3.850 Florida Rules of Criminal Procedure. As such, the Petitioner had 192 days left in the AEDPA 1-year period of limitations to file his §2254 petition.

Petitioner's 3.850 motion was denied by the trial court, and subsequently appealed to the District Court of Appeals for the Fifth District of Florida. The appeals court denied relief, and following a request for Rehearing and Clarification, Petitioner's appeal was per curiam affirmed by order dated February 25, 2020. The Mandate issued on March 20, 2020. Upon the issuance of a Mandate, the Petitioner had 193 days remaining in his AEDPA period of limitations.

On September 25, 2020, after 189 days had elapsed, Petitioner timely filed a Habeas Petition alleging Ineffective Assistance of Appellate Counsel pursuant to Fla. R. App. P. 9.141(d).

The Fifth District Court of Appeals denied Petitioner's 9.141(d) on January 6, 2021. Petitioner timely filed a Motion for Rehearing and Written Opinion which is currently pending resolution.

**Because Petitioner has only 3 days remaining on his AEDPA clock, should the motion for rehearing be denied, those 3 days would have expired by the time Petitioner receives the order via prison legal mail. Accordingly, in an abundance of caution, Petitioner is filing the instant petition to avoid running afoul of the AEDPA period of limitations.**

In the event the District Court of Appeals grants the motion for rehearing, the Petitioner respectfully requests that the instant petition be held in abeyance until the state-court proceeding has concluded. Otherwise, he requests that upon the denial of rehearing, this Court accept his habeas petition as timely filed.

Furthermore, as to timeliness, the Petitioner would ask the Court to take notice and consider the extenuating circumstances in connection with the COVID-19 public health emergency, and related security concerns in prison, which present external impediments to comply with deadlines, are beyond Petitioner's control. The institution where the Petitioner is housed has had positive COVID-19 infections since July 2020, and as a result the Law Library hours have been dramatically reduced and access has been substantially impacted. The Petitioner was also quarantined in his dorm for over 30 days as a result of COVID-19 infections.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: <u>Reverse and Remand Petitioner's conviction and sentence and allow the Petitioner to withdraw his Plea.</u> any other relief to which petitioner may be entitled.

___N/A___
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 2-19-2021 (month, date, year).

Executed (signed) on __2__ __19__ __2021__ (date).

_[signature]_ 186387
Signature of Petitioner
**Steven Edward DeGennaro, DC# 186387**

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____